UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOLORES SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24 CV 641 CDP |
| ) | |
| ALDI, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This removed case is before me for review of federal subject-matter jurisdiction. The case was recently reassigned to me from a United States Magistrate Judge for lack of the parties' full consent to proceed before that judge.

Plaintiff Dolores Smith filed this action in the Circuit Court of St. Louis County, Missouri, on April 1, 2024, alleging that she suffered personal injury when she slipped at an Aldi's store in Florissant, Missouri, because of defective and/or improperly maintained carpet at that store. In her state-court petition, she asserts that Missouri is her state of residence and that defendant Aldi, Inc., is a Missouri corporation doing business in St. Louis County, Missouri. Aldi removed the action to this Court on May 8, 2024, invoking diversity jurisdiction under 28 U.S.C. § 1332.

I have reviewed Smith's state-court petition and Aldi's notice of removal

and find that neither adequately states the citizenship of either party in this case. As Aldi is the removing party and bears the burden of establishing federal subject-matter jurisdiction, *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014), I will order it to file an amended notice of removal to properly allege this Court's subject-matter jurisdiction.

As noted above, the state-court petition asserts that Smith's "place of residence" is the State of Missouri. (ECF 7 at ¶ 1.) Aldi's notice of removal likewise identifies Smith as a "resident" of Missouri. (ECF 1 at ¶ 4.) A statement of an individual's "residency," however, is insufficient to establish that person's citizenship for purposes of diversity jurisdiction. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Defendant Aldi's citizenship is even more difficult to discern. In her petition, Smith identifies Aldi as "a Missouri corporation doing business in St. Louis County, Missouri[.]" (ECF 7 at ¶ 2.) In its notice of removal, Aldi identifies itself as "a foreign limited liability company with a home state of Illinois. The principal office address for the corporation is Batavia, Illinois." (ECF 1 at ¶ 5.) Thus, it appears that in the same breath, Aldi asserts that it is a limited liability company and a corporation. If Aldi is a corporation, a proper statement of citizenship includes the corporation's place of incorporation and its principal place of business. *Sanders*, 823 F.2d at 216. *See also Americold Realty Trust v.*

- 2 -

*Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).  If it is an LLC, its citizenship is the citizenship of all its members.  *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Adding to the confusion is another assertion in the notice of removal that "[a]t the time this suit was filed, Defendants *Dolgencorp LLC* is and continues to be residents of Illinois."  (ECF 1 at ¶ 12, citing Smith's petition.)  (Emphasis added.)[1]

Because neither the state-court petition nor the notice of removal properly states the citizenship of plaintiff Smith or the citizenship of defendant Aldi – either as a corporation or as an LLC – I am unable to determine if this Court has subject-matter jurisdiction over this case.  Accordingly, I will give Aldi five (5) days to amend its notice of removal to properly allege this Court's subject-matter jurisdiction.  The amended notice of removal shall also include a statement of defendant's proper name and organizational status.  Failure to timely comply with this Order may result in this action being remanded to state court for lack of subject-matter jurisdiction.

Therefore,

**IT IS HEREBY ORDERED** that **within five (5) days of the date of this Order**, defendant Aldi, Inc., shall file an amended notice of removal that identifies

---

[1] Defendant's Disclosure Statement identifies Aldi as an Illinois corporation with its principal place of business in Illinois, but the caption of the Statement names "Dolgencorp, LLC" as the defendant.  (ECF 6.)

- 3 -

its proper name and organizational status and properly alleges this Court's subject-matter jurisdiction.   Failure to timely comply with this Order may result in this action being remanded to state court for lack of subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2025.